**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ELISEO M. M.,

Petitioner,

v.

KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security*; TODD LYONS, *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*,

Respondents.

Case No. 26-cv-255 (LMP/LIB)

**ORDER**

---

Petitioner Eliseo M. M. is a native and citizen of Mexico who entered the United States in approximately November 1999. *See* ECF No. 1 ¶¶ 43, 45. Eliseo M. M. was arrested by immigration officials on January 13, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See* ¶ 1. Eliseo M. M. alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates his detention. *See id.* ¶ 6. Eliseo M. M. alleges that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.*

This Court has concluded that noncitizens similarly situated to Eliseo M. M. are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456

(LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). Eliseo M. M. raises the same legal issues and largely requests the same relief granted in those cases—namely, an order requiring Respondents (the "Government") to conduct a bond hearing. *See* ECF No. 1 at 17.

This Court will not depart from its reasoning in *Roberto M. F.* and *Victor Hugo D. P.* Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to the Petition for a Writ of Habeas Corpus (ECF No. 1) on or before Tuesday, January 20, 2026, certifying the true cause and proper duration of Eliseo M. M.'s confinement and showing cause why the writ should not issue in this case.

2. The Government's answer must include:

   a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Eliseo M. M.'s detention in light of the issues raised in his Petition;

   b. A reasoned memorandum of law and fact explaining the Government's legal position on Eliseo M. M.'s claims;

   c. The Government's recommendation on whether an evidentiary hearing should be conducted; and

   d. A good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.* or *Victor Hugo D. P.*

3. If Eliseo M. M. intends to file a reply to the Government's answer, he must do so on or before Friday, January 23, 2026.[1]

4. No further submissions from either party will be permitted except as authorized by Court order.

5. The Government is **ORDERED** to provide notice to Eliseo M. M. and this Court of its intention to move Eliseo M. M. outside this District no less than 72 hours before any such movement is to be effectuated.

6. The Government is **ORDERED** not to remove Eliseo M. M. from the United States during the pendency of these proceedings.

Dated: January 14, 2026
Time: 11:33 a.m.

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

[1] The Court reserves the right to grant Eliseo M. M.'s petition before Eliseo M. M. files his reply brief if the Government's response plainly demonstrates that Eliseo M. M. is entitled to relief.