UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ELISEO M. M., | Case No. 26-cv-255 (LMP/LIB) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security*; TODD LYONS, *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*, | |
| Respondents. | |

Graham Blair Ojala-Barbour, **Ojala-Barbour Law Firm, St. Paul, MN**, for Petitioner.

Ana H. Voss, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Eliseo M. M. is a native and citizen of Mexico who entered the United States in approximately November 1999.  *See* ECF No. 1 ¶¶ 43, 45.  Eliseo M. M. was arrested by immigration officials on January 13, 2026, and remains in the custody of United States Immigration and Customs Enforcement.  *See id.* ¶ 1.  Eliseo M. M. alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates his detention.  *See id.* ¶ 6.  Eliseo M. M. alleges that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a).  *See id.*  Eliseo M. M. accordingly petitioned for a writ of habeas corpus, contending that he falls

within a class of noncitizens eligible for bond under 8 U.S.C. § 1226(a). *See* ECF No. 1. The Court ordered the Government to answer the petition no later than January 20, 2026. ECF No. 3. The Government timely responded, arguing that Eliseo M. M. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 4; *see Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (B.I.A. 2025).

As the Government acknowledges, this Court has already ruled that similarly situated petitioners are not subject to mandatory detention but instead are eligible for bond under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). The Government's brief offers no material distinction between this case and those cases. Accordingly, the Court adopts the same reasoning here and concludes that Eliseo M. M. is entitled to a bond hearing under Section 1226(a).[1]

There is one final matter. In the Court's show-cause order issued on January 14 at 11:33 a.m., the Court ordered the Government to provide notice to Eliseo M. M. and this Court of its intention to move Eliseo M. M. outside of this District no less than 72 hours before any such movement was to be effectuated. ECF No. 3 at 3. In its response, the Government explains that Eliseo M. M. was transferred to a detention facility in Texas without notice to the Court and represents that he was transferred there after the petition

---

[1] The Court allowed Eliseo M. M. to file a reply brief no later than January 23, 2026. ECF No. 3. But the Government's response plainly demonstrates that Eliseo M. M. is entitled to relief. Finding no just cause for delay, the Court enters this Order now.

2

was filed but before the Court entered its show-cause order. ECF No. 4 at 1 n.1. However, the Government does not provide any evidence in support of that assertion—such as a declaration from a representative of the Department of Homeland Security, as the Government has done in other cases. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), ECF No. 6 (D. Minn. filed Jan. 20, 2026). Accordingly, the Government is ordered to provide a declaration from an appropriate declarant that supports its assertion that Eliseo M. M. was transferred to Texas before the Court's show-cause order was issued.

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Eliseo M. M.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

    a. The Court **DECLARES** that Eliseo M. M. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

    b. The Government is ordered to provide Eliseo M. M. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than January 28, 2026.

    c. If the Government does not provide Eliseo M. M. with a bond redetermination hearing as required by this Order, he must be immediately released from detention.

3

    d. No later than January 29, 2026, the Government shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Eliseo M. M.'s release.[2]

2. No later than January 23, 2026, the Government is **ORDERED** to provide a declaration from an appropriate declarant describing the date and time at which Eliseo M. M. was transferred to Texas.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 21, 2026            *s/Laura M. Provinzino*
                                                Laura M. Provinzino
                                                United States District Judge

---

[2] Eliseo M. M. sought several other forms of relief in his habeas petition. To the extent that Eliseo M. M. seeks immediate release from custody, ECF No. 1 at 17, that request is denied. *See Roberto M. F.*, 2025 WL 3524455, at *5. And the Court need not adjudicate Eliseo M. M.'s constitutional claim, ECF No. 1 ¶¶ 60–67, given that the Court has ruled for Eliseo M. M. on his statutory claim. *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998).